**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID ALLEN JR., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | Case No. 21-cv-545 |
| | ) | |
| THOMAS DART, Sheriff of Cook County, | ) | Judge Matthew F. Kennelly |
| and COOK COUNTY, ILLINOIS, | ) | Magistrate Judge Jeffrey I. Cummings |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT COOK COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, COOK COUNTY, ILLINOIS, by its attorney KIMBERLY M. FOXX, State's

Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL,

LTD., answers Plaintiff's complaint as follows:

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court

is conferred by 28 U.S.C. § 1343.

**ANSWER:**  Defendant admits Plaintiff has set forth the statutory basis of his claim but

denies any liability.

2.      David Allen Jr. was a detainee at Cook County Jail assigned jail number 2019-

1002087. Presently the plaintiff is not confined.

**ANSWER:**  Defendant admits that Plaintiff was a detainee at Cook County Jail assigned

jail number 2019-1002087. Defendant lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations contained in this paragraph.

3.      Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity for the conditions of confinement at Cook County Jail and the restraint practice at outlying hospitals.

**ANSWER:**  Defendant admits that Thomas Dart is the Sheriff of Cook County but denies any liability.

4.      Defendant Cook County shares responsibility with defendant Dart for housing detainees at Cook County Jail and is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**ANSWER:**  Defendant admits it has certain duties related to medical care but denies liability.

5.      The plaintiff is 63 years old and suffers from several chronic medical conditions. From November 8, 2019 to March 27, 2020 the plaintiff was assigned to Division 6, Tier 1B at Cook County Jail.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6.      Since January of 2020 the Sheriff and County have been aware that the coronavirus poses a significant risk to the health and well-being of inmates at the jail.

**ANSWER:**  Defendant admits it has been aware of risks posed by coronavirus and has taken various measures to prevent its spread, but Defendant denies it engaged in any misconduct and denies any liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

7.      On January 24, 2020, policy makers for the Sheriff and Cook County received an e-mail from Roland Lankah, an Environmental Health Specialist for the Sheriff's Office,

explaining that in the event of a coronavirus outbreak, it was essential for Cook County Jail to have an "urgent response" to disinfect the contaminated area. These individuals were also informed that that it was critical for each division to have proper personal protective equipment (PPE), including gowns, face-shields, and gloves, along with bleach, readily available in the event of an outbreak.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8.      After receiving this e-mail on January 24, 2020, policy makers for the Sheriff and Cook County failed to take reasonable measures to ensure adequate PPE was maintained in each division. Policy makers also failed to take reasonable measures to ensure adequate procedures were in place in the event of an outbreak of coronavirus to disinfect contaminated areas.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9.      On March 4, 2020, defendants knew that there were likely multiple cases of coronavirus at Cook County Jail, including Division 6. On this date, Dr. Chad Zawitz, an infectious disease specialist for Cook County, wrote an e-mail to policy makers for the Sheriff and County noting that a dorm in Division 6 was under surveillance, that "[e]nhanced sanitation" was advisable for the housing units, and it was essential that staff and detainees to use appropriate hand hygiene. After receiving this e-mail, policy makers for the Sheriff and Cook County failed to take reasonable measures to ensure this was carried out.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

10. By March, several inmates assigned to plaintiff's tier exhibited symptoms of coronavirus. Inmates, for example, appeared sick and there were no masks offered to detainees. At all times relevant, the jail staff knew the conditions of confinement were dangerous for the Tier 1B population and they failed to take reasonable measures to prevent harm to the inmates.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

11. Prior to plaintiff contracting the virus, the defendants did not make available sufficient cleaning supplies, adequately clean and disinfect high-touch surfaces and objects, or implement social distancing strategies for the population assigned to Tier 1B.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12. On March 27, 2020 the plaintiff was transferred to Stroger Hospital as an emergency because of shortness of breath. The plaintiff remained at Stroger until April 21, 2020.

**ANSWER:** Defendant admits that Plaintiff was transferred to Stroger Hospital on March 27, 2020 and remained at Stroger until April 21, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

13. At Stroger the plaintiff was constantly under the observation of armed correctional officers.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14. While at Stroger the plaintiff was treated for the coronavirus and related symptoms including weakness, difficulty breathing, and significant pain. For a part of plaintiff's hospitalization he was prescribed oxygen.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. The Sheriff's records show that plaintiff was hospitalized on the 7th floor to a special wing designated for Cook County Jail detainees. When detainees are assigned to this wing numerous correctional officers are assigned to this area and the detainee is always under the direct observation of armed correctional officers.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. All correctional officers assigned to guard plaintiff knew he was a minimum security inmate and that he was detained because he was unable to pay $500 for bail. This information was contained in the External Operations Hospital Package maintained by sworn staff.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. The Sheriff instructs correctional officers to shackle by hand and foot all seriously ill inmates hospitalized at Stroger and other outlying hospitals. This policy was recently explained by the Sheriff's Office in response to a grievance by Honorio Perez:

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

18. Consistent with Dart's instruction, correctional officers assigned to guard inmates at outlying hospitals engage in a widespread practice of shackling inmates to the bed.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

19. Plaintiff complained about the shackles to the correctional staff. The staff told plaintiff they could not remove the restraints.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

20. The plaintiff also complained to the medical staff that the restraints caused pain. The medical staff told plaintiff that the correctional staff has jurisdiction over the restraints and that they may not override the Sheriff's policy to shackle detainees.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21.     While detained at Stroger the restraint of plaintiff's hand and foot caused significant pain. The restraints caused cuts and swelling to plaintiff's hand and leg.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22.     Dart's widespread restraint practice, applied to plaintiff, was excessive, caused gratuitous pain, and violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23.     Defendants Dart and Cook County also violated plaintiff's rights because the conditions of confinement posed an unreasonable risk to his health. At all times relevant, defendants knew of the serious risk of harm caused by the coronavirus, but failed to take reasonable measures to protect vulnerable inmates, like plaintiff, from contracting the virus.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

24.     Plaintiff seeks trial by jury for his damage claim.

**ANSWER:** Defendant admits Plaintiff seeks trial by jury and denies liability.

**AFFIRMATIVE DEFENSES**

Further answering Plaintiff's complaint, Defendant alleges the following separate affirmative defenses against Plaintiff.

**I. Immunity from Punitive Damages**

1.     Local governments are immune from punitive damages liability under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

2.      Therefore, to the extent Plaintiff seeks punitive damages from Defendant Cook County, Defendant asserts immunity from the same.

## II.  Failure to Mitigate

3.      To the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, No. 07 C 3372, 2009 WL 528307, at *8 (N.D. Ill. Feb. 25, 2009).

4.      Without waiving its denials to Plaintiff's allegations and to the extent Plaintiff has failed to mitigate his damages, any award of damages must be reduced or eliminated for his failure to mitigate.

## III.  Statute of Limitations

5.      To the extent Plaintiff seeks damages from Defendant for injuries occurring more than two years before filing his complaint, Plaintiff's claims are barred by the statute of limitations. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.").

## IV.  Plaintiff's Willful and Wanton Conduct

6.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case.

## V. Additional Affirmative Defenses

7.      Defendant reserves the right to assert additional affirmative defenses as they become known through the course of litigation.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, based on the foregoing, Defendant, COOK COUNTY, ILLINOIS, denies that Plaintiff is entitled to any damages, injunctive relief, costs, attorney's fees, witness fees, or other relief. Defendant prays that this Honorable Court grant judgment in its favor and against Plaintiff on all aspects of his complaint and further requests that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

Dated: March 1, 2021

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770