IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Allen, Jr., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 21-cv-545 |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | Judge Perry |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW**

Plaintiff, by counsel, moves the Court under Federal Rule of Procedure 50(a) for judgment as a matter of law on the issues of: (1) whether the Sheriff's Office had a policy of using bodily restraints in a medical facility as they were used on Plaintiff, and (2) whether that policy was the reason bodily restraints were used on Plaintiff in the manner they were used.

Grounds for this motion are as follows:

1. Rule 50 provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . resolve the issue against the party." Fed. R. Civ. P. 50(a)(1).

2. Rule 50 also provides that "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2).

3. "The standard for judgment as a matter of law mirrors the standard for summary judgment," and "'the court should give credence to . . . evidence supporting the moving party that is uncontradicted and unimpeached.'" *Robinson v. Perales*, 894 F.3d 818, 833 (7th Cir. 2018) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000)).

4. Defendants' position is that the jury must determine whether the Sheriff's Office had a policy of using bodily restraints in a medical facility, and whether the Plaintiff was restrained pursuant to any such policy.

5. But the evidence at trial has established that there is no legally sufficient basis—none—for the jury to find that there was no such policy, much less that Plaintiff's restraints were not imposed pursuant to such a policy.

6. To the contrary, the evidence clearly and indisputably establishes that the Sheriff's Office *did* have a policy of using bodily restraints in a medical facility—and that policy was the very reason that bodily restraints were used on Plaintiff in the manner they were used.

7. Specifically, with regard to the existence of a policy, the Custody Manual of the Cook County Office of Corrections itself—that is, the written policy of the Sheriff's Office—expressly provides that "[w]hen an inmate is being held at any outlying medical care facility, the inmate *should be* secured in a manner relative to the totality of the circumstances." PX 1 at 4 (Policy No. 709.4.1) (emphasis added). That written policy states that "[i]n most instances, a hospital bed should be used" to "secure[]" "shackles" "on the inmate's leg" and "[t]he inmate's hand," and to "secure[]" the "belly chain" "to the frame of the bed with a padlock." *Id.*

-2-

8. In addition, Officer Ansel testified repeatedly at trial that the Sheriff has a policy of "shackling and handcuffing all inmates that are hospitalized at Stroger Hospital." May 2, 2026 Tr. Trans. at 33:24-35:11.

9. When asked "why was David handcuffed and shackled given that he was minimum security and a low bond," Officer Ansel testified, "Because according to the sheriff's policy, every inmate that goes to a hospital on the outside is handcuffed and shackled." *Id.* at 58:6-10; *see also id.* at 58:11-59:3. This establishes that the Sheriff's policy was the very reason that bodily restraints were used on Plaintiff in the manner they were used.

10. Jason Cianciarulo, formerly the Superintendent of External Operations and now an Assistant Executive Director for the Sheriff's Office, confirmed that Plaintiff was shackled at Stroger pursuant to the Sheriff's policy, which is applied automatically to all detainees – without exception. He explained this policy has been consistently applied to nonpregnant women since at least 2006 when he joined the Sheriff's Office.

11. Importantly, there is no evidence at all to support the notion that the Sheriff's Office did not have a policy of using bodily restraints at Stroger Hospital. Nor is there legally sufficient evidence for the jury to find that the policy was not the reason that Plaintiff was shackled in the manner he was shackled. The Court should find in Plaintiff's favor on both of these issues, and strike them from Instruction No. 18.

12. Such a finding would be consistent with the Court's oral ruling at summary judgment. The Court stated that the defendants "have consistently acknowledged

-3-

that the policy [of shackling the detainees] applies to all detainees despite their security clearance level, minimum, medium, or maximum." Dkt. 160, 8/13/2025 Trans. at 10:1-9. The Court further stated, "I really don't understand how we can still be in a position to consider whether this is or is not a widespread practice. It seems very clearly that it is." *Id.* at 10:9-12.

13. Similarly, Jury Instruction No. 20 - that Plaintiff must prove the Sheriff's Office "possessed a purposeful, knowing, or possibly a reckless state of mind with respect to the Sheriff's Office use of bodily restraints on Plaintiff" – should be omitted from the instructions. The evidence at trial has established that there is no legally sufficient basis—none—for the jury to find that the use of bodily restraints on Plaintiff was anything but purposeful and knowing.

14. The evidence clearly and indisputably establishes that the Sheriff's Office intentionally and knowingly used bodily restraints on Plaintiff pursuant to policy. No reasonable fact finder could find otherwise.

It is therefore respectfully requested that the Court find that (1) the Sheriff's Office had a policy of using bodily restraints in a medical facility as they were used on Plaintiff, and (2) that policy was the reason bodily restraints were used on Plaintiff in the manner they were used, and strike the portion of Jury Instruction No. 18 concerning those issues. Plaintiff also requests that the Court strike Jury Instruction No. 20 because there is no basis to find that the use of bodily restraints on Plaintiff was anything but purposeful and knowing.

Respectfully submitted,

/s/ <u>Patrick W. Morrissey</u>
Thomas G. Morrissey, Ltd.
10257 S. Western Ave
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for the plaintiff*